UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:18-cr-00116-JAD-CWH |
|---|---|
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| ERIC YOKANI MORENO-OCHOA, | |
| Defendant. | |

Presently before the court is defendant Eric Moreno-Ochoa's motion to dismiss (ECF No. 32), filed on January 31, 2019. The government filed a response (ECF No. 33) on February 14, 2019. Defendant did not file a reply.

**I.   BACKGROUND**

Moreno-Ochoa is charged with a single count of violating 8 U.S.C. § 1326 - Deported Alien Found Unlawfully in the United States. (Indictment (ECF No. 11).) The indictment cites multiple prior deportations/removals from the United States, including December 23, 2005, January 30, 2006, and June 16, 2010. (*Id*.)

Moreno-Ochoa moves to dismiss the indictment. He argues that his prior removal proceedings were defective because the Immigration Judge (IJ) lacked jurisdiction to enter an order of deportation due to a defective notice to appear that was issued in violation of 8 U.S.C. § 1229(a)(1)(G)(i). Specifically, Moreno-Ochoa argues that he was issued a notice to appear for removal proceedings on December 14, 2005, but the notice to appear did not set a place, date, or time for his removal hearing. On December 23, 2005, an IJ ordered Moreno-Ochoa removed from the United States. He argues that the IJ does not have jurisdiction to enter an order of removal when the notice to appear fails to state the time and place of the removal hearing.

The government responds that Moreno-Ochoa received, and signed for, a notice of the removal proceedings on December 15, 2005, which set the place and time of the hearing for December 21, 2005. (*See* Resp. (ECF No. 33-1) Attach. 1.) The government indicates that on

that day, Moreno-Ochoa was present and the IJ ordered him removed from the United States. Accordingly, the government argues that the prior deportation was proper.

**II.    ANALYSIS**

Under Rule 12(b)(1) of the Federal Rules of Criminal Procedure, "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits."  Fed. R. Crim. P. 12(b)(1).  A motion to dismiss is generally capable of determination before trial "if it involves questions of law rather than fact."  *United States v. Yip*, 248 F. Supp. 2d 970, 972 (D. Haw. 2003) (citing *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986), *cert. denied*, 478 U.S. 1007 (1986)).

The Immigration and Nationality Act ("the Act"), as amended, provides that "[a]n immigration judge shall conduct proceedings for deciding the inadmissibility or deportability of an alien."  8 U.S.C. § 1229a(a)(1).  The Attorney General has authority to prescribe rules for the conduct of removal proceedings.  *See* 8 U.S.C. § 1103(g).  Exercising that authority, the Executive Office for Immigration Review promulgated rules of procedure for immigration courts, including that "[j]urisdiction vests, and proceedings before an Immigration Judge commence, when a charging document is filed with the Immigration Court . . . ."  8 C.F.R. § 1003.14(a).  One "charging document" is "a Notice to Appear."  *See* 8 C.F.R. § 1003.13.  The Act provides that in removal proceedings, the Immigration and Naturalization Service must serve personally a notice to appear on the alien that specifies, among other things, "[t]he time and place at which the proceedings will be held."  8 U.S.C. § 1229(a)(1)(G)(i).  But under the Executive Office rules, the "notice to appear" filed as a charging document in the immigration court need not contain the time and place of the proceedings.  *See* 8 C.F.R. § 1003.15(b)–(c).  Instead, the rules require the Service to include time-and-place information "where practicable," and if it is not included, "the Immigration Court shall be responsible for scheduling the initial removal hearing and providing notice . . . of the time, place, and date of hearing."  8 C.F.R. § 1003.18(b).

Here, although the first notice did not establish a time and date for a hearing, on December 15, 2005, it appears that Moreno-Ochoa was provided notice of the actual hearing to be conducted on December 21, 2005.  If the government is able to prove that Moreno-Ochoa

received the notice, it is sufficient to support the IJ's jurisdiction over the removal proceeding. *Karingithi v. Whitaker*, No. 16-70885 (9th Cir. 2019) (holding that the hearing notice was a charging document which satisfied the regulatory requirements for jurisdiction).

### III. CONCLUSION AND RECOMMENDATION

IT IS THEREFORE RECOMMENDED that defendant Moreno-Ochoa's motion to dismiss (ECF No. 32) be DENIED.

### IV. NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: March 27, 2019

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE