# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ERIC YOKANI MORENO-OCHOA,<br><br>Defendant. | Case No. 2:18-cr-00116-JAD-DJA<br><br>**REPORT AND RECOMMENDATION** |

Presently before the court is defendant Eric Moreno-Ochoa's motion to dismiss (ECF No. 43) filed on June 7, 2019. The government filed a response (ECF No. 48) on July 11, 2019. Defendant filed a reply (ECF No. 55) on August 2, 2019.

**I.   BACKGROUND**

Moreno-Ochoa is charged with a single count of a violation of Title 8, U.S.C. § 1326 - Deported Alien Found Unlawfully in the United States. (Indictment (ECF No. 11).) The indictment cites multiple prior deportation/removals from the United States on December 23, 2005, January 30, 2006, and June 16, 2010. *Id*.

Moreno-Ochoa moves to dismiss the indictment because his prior removal in 2005 was upon the finding that he was convicted for burglary, but burglary in Nevada is not an aggravated felony and therefore his removal was based upon legal error. The government responds that Moreno-Ochoa was not removed for his conviction for burglary, but rather because he was in the country illegally and was deported for committing a crime of moral turpitude, burglary. Accordingly, the government argues that the prior deportation was proper.

**II.   ANALYSIS**

Under Rule 12(b)(1) of the Federal Rules of Criminal Procedure, "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on

the merits." Fed. R. Crim. P. 12(b)(1).  A motion to dismiss is generally capable of determination before trial "if it involves questions of law rather than fact." *United States v. Yip*, 248 F. Supp. 2d 970, 972 (D. Haw. 2003) (citing *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986), *cert. denied*, 478 U.S. 1007 (1986)).

Moreno moves to dismiss that indictment under 8 U.S.C. § 1326(d), by challenging the validity of his initial removal in 2005.  Under 8 U.S.C. § 1326(d), Moreno must demonstrate that:

> (1) [he] exhausted any administrative remedies that may have been available to seek relief against the order;
> (2) the deportation proceedings at which the order was issued improperly deprived [him] of the opportunity for judicial review; and
> (3) the entry of the order was fundamentally unfair.

8 U.S.C. § 1326(d)(1-3).

"To establish the third requirement, an order of removal is fundamentally unfair if defects in the proceedings violated the alien's right to due process and he suffered prejudice as a result." *United States v. Andino-Matamoros*, 365 F. Supp. 3d 1109, 1112 (D. Nev. 2019) (citing *United States v. Aguilera-Rios*, 769 F.3d 626, 630 (9th Cir. 2014)).

Moreno argues that the immigration judge who ordered him removed in 2005 mistakenly concluded that Moreno's Nevada burglary conviction was an aggravated felony.  But that was not the judge's finding.  Instead, as the Notice to Appear[1] shows, the judge found Moreno removable for two reasons: (1) Moreno's Nevada burglary conviction was a crime of moral turpitude, making Moreno removable under INA § 212(a)(6)(A)(i); and (2) Moreno was illegally present in the United States, making him removable under INA § 212(a)(2)(A)(I).  For this reason, Moreno's arguments regarding whether his burglary conviction is an aggravated felony is irrelevant.  The immigration judge ordered Moreno removed because he was in the country illegally and based on a prior conviction involving moral turpitude, findings which Moreno does not contest.  Moreno does not identify any potential prejudice because he had no right to be

---

[1] (*See* Mot. to Dismiss (ECF No. 43) at 14); Warrant of Removal (ECF No. 48-2).)

present in the United States and he does not argue eligibility for some form of discretionary relief. He therefore shows no defect in his removal proceedings justifying dismissal of the charges.

### III.   CONCLUSION AND RECOMMENDATION

IT IS THEREFORE RECOMMENDED that defendant Moreno-Ochoa's motion to dismiss (ECF No. 43) be DENIED.

### IV.   NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: August 15, 2019

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE